UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| DELANO A. MIDDLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV410-272 |
| ) | |
| TIM POLITE, JUSTIN REDMOND, ) | |
| and DISTRIBUTION SERVICES ) | |
| INTERNATIONAL, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Delano A. Middleton seeks leave to proceed *in forma pauperis* in this workplace discrimination and wrongful termination suit against his former employer, Distribution Services International ("DSI"), and two DSI employees, Tim Polite and Justin Redmond. (Doc. 1.) The Court **GRANTS** Middleton's IFP motion (doc. 2)[1] but recommends that this case be **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3) (requiring dismissal if the Court determines it lacks subject matter jurisdiction),

---

[1] Middleton states that he has no income, assets, or money in the bank but is responsible for two dependent children. (Doc. 2 at 1-2.) The Court is satisfied that he cannot, because of his poverty, afford to pay the filing fee. 28 U.S.C. § 1915; see *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948).

since Middleton has failed to invoke a subject-matter jurisdictional basis for this action. The defendants are not diverse, so he cannot invoke 28 U.S.C. § 1332; nor has he presented a federal question under 28 U.S.C. § 1331.[2] (Doc. 1 at 1-2.)

Middleton claims that DSI and its employees discriminated against him and ultimately dismissed him based upon his status as a temporary worker assigned by Will Staff Temp Agency. (Doc. 1 at 6-8.) He states that the defendants' actions amounted to "discrimination, deliberate indifference(s), harassment, negligence, and cruel and unusual punishment(s)." (*Id.* at 7.) They also violated his "due process rights and rights of equal access to justice." (*Id.* at 8.)

Since plaintiff and defendants are all Georgia residents (*id.* at 2-3), Middleton cannot invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806) (plaintiff must show "complete" diversity in order to proceed under a federal court's diversity jurisdiction; no plaintiff may share the

---

[2] Alternatively, dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2), which requires dismissal of any IFP action when the action or appeal is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

same state citizenship with any defendant). And he has not raised any basis for exercising the Court's federal question jurisdiction under 28 U.S.C. § 1331. He has not named any federal basis for the suit, and the Court cannot conceive of any viable cause of action based upon his facts. This is not a general workplace discrimination action, since Middleton has not alleged that he was discriminated against based upon his membership in a protected class under Title VII, the ADEA, ADA, or any other anti-discrimination statute. He cannot proceed under 42 U.S.C. § 1983 to vindicate his constitutional rights because he has not offered any facts showing that the defendants -- private citizens and a corporation -- are in fact state actors or acted in collusion with any state official. 42 U.S.C. § 1983 (offering a remedy for the deprivation of a citizen's constitutional rights by actors operating under color of state law); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (same basic principle applied to those acting under color of *federal* law); *see Bannum, Inc. v. City of Ft. Lauderdale*, 901 F.2d 989, 996-97 (11th Cir. 1990).

There is simply no jurisdictional basis supporting this action. Since the Court is without jurisdiction to hear Middleton's claim, this case should be **DISMISSED** with prejudice.

**SO REPORTED AND RECOMMENDED** this  2nd  day of December, 2010.

/s/ JR Smitt
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA